IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MAX MOUSSAZADEH,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE;<br><br>BRAD LIVINGSTON, solely in his official capacity as Executive Director of the Texas Department of Criminal Justice; and<br><br>DAVID SWEETEN, solely in his official capacity as warden of the Eastham Unit of the Texas Department of Criminal Justice,<br><br>    Defendants. | Civil Action No. 9:05cv197<br><br>TH/JKG<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND ATTORNEY'S FEES; AND DEMAND FOR A JURY TRIAL** |

## COMPLAINT

Comes now Plaintiff Max Moussazadeh, by and through his attorneys, and for his Complaint states as follows:

### NATURE OF ACTION

1.    Max Moussazadeh is a sincere adherent of the Jewish faith who is in the custody of the Texas Department of Criminal Justice. The Jewish faith holds, as one of its fundamental tenets, that believers must eat food prepared and served in a kosher manner. Plaintiff seeks injunctive and declaratory relief requesting that the Texas Department of Criminal Justice-Correctional Institutions Division provide him a nutritionally-sufficient kosher diet.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action as arising under the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and under 42 U.S.C. § 2000cc-1 *et seq.*, which confers original jurisdiction on United States District Courts in suits to redress the deprivation of rights, privileges and immunities, as stated herein. This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391. Plaintiff and Defendant are located in this District. The events giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff MAX MOUSSAZADEH is, and all times pertinent, was, a prisoner in the Eastham Unit of the Texas Department of Criminal Justice. He is also a sincere adherent of the Jewish faith.

5. Defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ") is a legal subdivision of the State of Texas, created and existing by virtue of the Constitution and laws of the State of Texas, and is empowered by the State to act through its governing body, its officials, employees and official bodies. TDCJ is empowered by the State of Texas to regulate and maintain the state's correctional system.

6. Defendant BRAD LIVINGSTON is the Executive Director of the Texas Department of Criminal Justice. He is sued in official capacity only.

7. Defendant DAVID SWEETEN is the warden of the Eastham Unit of the Texas Department of Criminal Justice in Lovelady, Texas. He is sued in his official capacity only.

## STATEMENT OF FACTS

### Plaintiff's Need for a Kosher Diet is a Religious Conviction

8. Plaintiff Max Moussazadeh (TDCJ #712440) is a prisoner within the custody of TDCJ and is presently housed at the Department's Eastham Unit in Lovelady, Texas.

9. Plaintiff was born and raised in the Jewish faith and is a sincere adherent of that faith. As part of the practice of his faith, Plaintiff sincerely believes he is required to keep a kosher diet.

10. In accordance with established Jewish tradition and practice, Plaintiff believes that keeping a kosher diet is a fundamental tenet of the Jewish faith and that the primary purpose of observing and keeping a kosher diet is to conform to the divine will of God as expressed in the Torah. Plaintiff subscribes to established Jewish teaching that the Torah teaches that the slightest morsel of forbidden food taints not only the body, but the soul itself.

11. Keeping kosher includes adherence to specific rules—commonly referred to as the laws of *kashruth*—derived from the Torah concerning which foods may be consumed and the manner of preparation and service of permitted foods.

12. Keeping kosher requires strict adherence to the rules set forth in the Torah regarding the foods that may be consumed. Foods that may be eaten include all non-animal products such as fruits and vegetables, meat from animals that chew the cud and have cloven hooves (*e.g.*, cows and sheep), certain types of poultry (*e.g.*, chicken, turkey, and duck), and fish that have fins and scales. Dairy products are permitted, but meat and dairy may not be mixed together.

13. Keeping kosher also dictates specific methods by which allowable foods may be prepared for consumption. For example, kosher food is no longer considered kosher when the

food is prepared in containers that are non-kosher. To keep kosher food untainted, the containers, pots and pans, utensils, and all other implements used in the preparation must not come into contact or have contact with non-kosher food. The food must also be served on plates and bowls and eaten with utensils that have not had contact with non-kosher food.

14. In short, the three essential qualities of a kosher diet are:

    A. it must be derived from a religiously-acceptable source;

    B. it must be prepared and served in a religiously acceptable way; and

    C. meat and dairy may not be mixed.

15. A kosher diet can easily be made available to Jewish believers in institutional environments through several possible means, including, but not limited to, the following: (1) preparing food on site with proper kitchen facilities under the direction of a qualified kosher food supervisor; (2) obtaining pre-packaged meals from kosher food vendors around the country (e.g., sealed airline dinners or shelf stable packaging); or (3) obtaining acceptable kosher products through retail outlets and kosher food purveyors. In addition, the use of disposable plastic or paper goods and utensils is an easy, cost-effective and religiously-acceptable means of providing kosher food in an institutional environment.

## TDCJ Does Not Provide a Kosher Diet Option

16. TDCJ, including the Eastham Unit, provides inmates a choice between pork-free, meat-free, and regular diet trays.

17. None of those meal plans qualify as kosher under Jewish laws of *kashruth*. There is no such thing as "close to" kosher. If a meal falls short of kosher, it is not at all kosher and does not meet the requirements of Plaintiff's faith.

18. The majority of states and the Federal Bureau of Prisons provide a kosher diet, including Federal prisons in Texas operated by the Bureau, but TDCJ, including the Eastham Unit, refuses to similarly accommodate the religious needs of Jewish prisoners in its facilities by providing a kosher diet.

### Defendants' Denial of Plaintiff's Requests for a Kosher Diet

19. Plaintiff filed a formal grievance with the TDCJ on or about July 15, 2005. In this grievance, Plaintiff requested a kosher diet as required by his faith:

> I am a jewish inmate. My beliefs state that I must eat kosher foods. I am born and raised jewish and both of my parents are jewish. Since I have been in the prison system, I have been forced to eat non kosher foods. All of my life my family has kept a kosher house hold. I feel that I am going against my beliefs and that I will be punished by God for not practicing my religion correctly. * * * In my requests I asked that I be allowed to receive kosher meals because it is part of my religious duty. * * * I am asking that you please grant me access to kosher meals in the prison dining hall.

20. On July 22, 2005, Defendants denied Plaintiff's request. Their denial provided no statement of Defendants' rationale for their decision to impose a burden on Plaintiff's religious exercise by refusing to provide him a kosher diet.

21. On July 29, 2005, Plaintiff filed a second level grievance again requesting kosher meals as required by his faith and, thereby, substantially burdened his free exercise of religion.

22. Defendants denied this second level grievance on September 20, 2005. Their denial provided no statement of Defendants' rationale for their decision to impose a burden on Plaintiff's religious exercise by refusing to provide him a kosher diet.

23. Despite the fact that Plaintiff has exhausted all administrative remedies, Defendants continue to this day to deny Plaintiff a kosher diet, as required by the applicable laws and his sincere religious beliefs.

24. Defendants have never demonstrated the existence of any compelling government interest for their decision to substantially burden Plaintiff's religious exercise by denying him a kosher diet, or demonstrated how the failure to provide a kosher diet is the least restrictive means of advancing any such alleged compelling government interest.

25. TDCJ receives Federal financial assistance.

26. The activities and operation of TDCJ, including its provision of meals for prisoners under its custody, affects commerce with foreign nations, among several states, or with Indian tribes.

## Legal Violations

### COUNT I

**Violation of the Religious Land Use and Institutionalized Persons Act of 2000
"Substantial Burden on Religious Exercise"
(42 U.S.C. § 2000cc *et seq.*)**

27. Paragraphs 1 through 26 are incorporated by reference as if set forth fully herein.

28. Defendants have deprived and continue to deprive Plaintiff of his right to the free exercise of religion, as secured by the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), by unlawfully imposing a substantial burden on Plaintiff's religious exercise.

29. Defendants refusal to offer kosher meals (1) influences Plaintiff to act in a way that violates his religious beliefs, and (2) forces Plaintiff to choose between, on the one hand, enjoying a generally available and non-trivial benefit, and, on the other hand, following his religious beliefs.

30. The substantial burden Defendants have imposed on Plaintiff's religious exercise is imposed in a program or activity that receives Federal financial assistance.

31. The substantial burden Defendants have imposed on Plaintiff's religious exercise affects, or removal of this substantial burden would affect commerce with foreign nations, among the several states, or with Indian tribes.

## COUNT II

### Violation of the Texas Religious Freedom Restoration Act
### Tex. Civ. Prac. & Rem. Code Ann. §110.001 *et seq.*

32. Paragraphs 1 through 31 are incorporated by reference as if set forth fully herein.

33. Defendants have deprived Plaintiff of his right to the free exercise of religion — as secured by the Texas Religious Freedom Restoration Act — by unlawfully imposing a substantial burden on his religious exercise.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) A preliminary and permanent injunction requiring Defendants to provide Plaintiff with a nutritionally sufficient kosher diet;

(b) A declaration that Defendants' failure to provide Plaintiff with a nutritionally sufficient kosher diet, as required by his sincere religious beliefs, is in violation of the Religious Land Use and Institutionalized Persons Act of 2000 and the Texas Religious Freedom Restoration Act.

(c) An award to Plaintiff of full costs and attorneys' fees arising out of this litigation; and

(d) Such other and further relief as this Court may deem just and appropriate.

## **DEMAND FOR JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated: October 11, 2005

THE BECKET FUND FOR RELIGIOUS LIBERTY
Eric Rassbach (Attorney in Charge)
State Bar No. 24013375
Derek L. Gaubatz (*pro hac vice* application pending)
1350 Connecticut Ave., N.W. Suite 605
Washington, D.C. 20036
Telephone: (202) 955-0095
Fax: (202) 955-0090
erassbach@becketfund.org

LATHAM & WATKINS LLP
Allen Gardner (*pro hac vice* application pending)
Parker Douglas (*pro hac vice* application pending)
Dane A. Holbrook (*pro hac vice* application pending)
Joshua Chandler (*pro hac vice* application pending)
555 Eleventh St., N.W. Suite 1000
Washington D.C., 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Plaintiff Max Moussazadeh*