IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MAX MOUSSAZADEH, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE; <br><br> BRAD LIVINGSTON, solely in his official capacity as Executive Director of the Texas Department of Criminal Justice; and <br><br> DAVID SWEETEN, solely in his official capacity as warden of the Eastham Unit of the Texas Department of Criminal Justice, <br><br> Defendants. | Civil Action No. 3:07-cv-00574 <br> JURY |

### PLAINTIFF MAX MOUSSAZADEH'S REPLY IN SUPPORT OF MOTION TO STRIKE

Plaintiff Max Moussazadeh hereby submits the following Reply in support of his Motion to Strike (Dkt. No. 203). The three reasons advanced by Defendant Texas Department of Criminal Justice ("TDCJ") for denying the Motion all lack merit. The Court should therefore grant Plaintiff's Motion to Strike.

*First*, TDCJ argues that Plaintiff's Motion to Strike is an untimely "response" to Defendants' Motion for Summary Judgment, but that argument fails on numerous counts. *See* Defs.' Resp. in Opp. to Pl.'s Mot. to Strike at 2 (Dkt. No. 207) ("TDCJ MTS Opp."). Plaintiff's Motion is precisely that—a "motion," not a "response." The Court's order setting filing deadlines for "responses" to *dispositive* motions is silent on the timing of *evidentiary* motions. *See* Order Granting Extension of Time at 1 (Dkt. No. 194) (setting deadlines for "[d]ispositive

motions," as well as "responses" and "[r]eplies" thereto, but not for evidentiary motions). And at any rate, TDCJ barely relied on the challenged errata sheet and affidavits in its Motion for Summary Judgment; rather, the bulk of TDCJ's discussion of those documents came in its Opposition to Plaintiff's Motion for Summary Judgment. *See* Defs.' Resp. in Opp. to Pl.'s Mot. Summ. J. at 10-11 (Dkt. No. 200). As soon as TDCJ attempted to use those documents to manufacture a factual dispute in its Opposition, Plaintiff began preparing a Motion to Strike the documents and filed two weeks later.[1] Plaintiff's Motion was hardly untimely.

*Second*, TDCJ argues that its own failure to meet the deadline for submitting the Dunbar errata sheet was a case of "excusable neglect," but its excuse is far from compelling. TDCJ blames its lateness on the "Thanksgiving holidays," even after it admits that it sought and received from Plaintiff an extension from 30 days to 45 days and, in doing so, agreed to submit the errata sheet by November 27, 2010. TDCJ MTS Opp. at 2-3. If TDCJ didn't believe the Thanksgiving holiday would allow it to submit the errata sheet by November 27, it should not have agreed to that date at the deposition. Indeed, by holding onto the errata sheet past November 27, TDCJ not only missed an important deadline, but also prejudiced Plaintiff, who was made aware of Dunbar's wholesale reversal of her testimony a mere ***two days*** before dispositive motions were due. *See* Pl.'s Mot. Summ. J. at 38 n.17 (Dkt. No. 199). TDCJ's "neglect" was not excusable; if anything, it appears calculated to gain an unfair advantage.

*Third*, TDCJ argues that under *Reilly v. TXU Corp.*, 230 F.R.D. 486 (N.D. Tex. 2005), it was permitted to concoct a factual dispute days before summary judgment briefing by rewriting Ms. Dunbar's substantive deposition testimony. *Reilly*, however, directly contradicts TDCJ's

---

[1] TDCJ, on the other hand, waited almost a month after Plaintiff's Opposition to Defendants' Motion for Summary Judgment to file its own Motion to Strike. *See* Defs.' Mot. to Strike (Dkt. No. 206).

contentions. The *Reilly* court expressly declined to extend its "broad view" of Rule 30(e), which governs deposition changes, to "the context of a court's determination of a summary judgment motion." *Id.* at 490-91. The court explained that "no summary judgment motion [was] currently pending," and that it may well have come to a different conclusion if the case had reached the summary judgment phase. *Id.* at 491. In fact, the court cited with approval two cases holding that deposition changes should "'face a heightened standard of review if they have the potential to affect summary judgment.'" *Id.* (quoting *Summerhouse v. HCA Health Servs.*, 216 F.R.D. 502, 508 (D. Kan. 2003), and citing *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 9 (D.D.C. 2004)). As such, the only case law TDCJ was able to muster in support of its arguments completely undermines those arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff Max Moussazadeh respectfully requests that this Court grant his Motion to Strike.

Dated: March 4, 2011                                    Respectfully submitted,

*/s/ Eric Rassbach*                                     */s/ Matthew T. Murchison*
Eric Rassbach
Texas Bar No. 24013375                                  Anne W. Robinson (Attorney-In-Charge)
Luke Goodrich                                           James C. Knapp
Admitted *Pro Hac Vice*                                 Matthew T. Murchison
THE BECKET FUND FOR                                     Admitted *Pro Hac Vice*
  RELIGIOUS LIBERTY                                     LATHAM & WATKINS LLP
3000 K Street                                           555 11th Street, N.W.
Suite 220                                               Suite 1000
Washington, D.C. 20007                                  Washington, D.C. 20004
Telephone: 202-955-0095                                 Telephone: 202-637-2200
Fax: 202-955-0090                                       Facsimile: 202-637-2201
erassbach@becketfund.org                                anne.robinson@lw.com
lgoodrich@becketfund.org

*Counsel for Max Moussazadeh*

## **CERTIFICATE OF SERVICE FOR ELECTRONIC FILING**

     I, Matthew T. Murchison, do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on March 4, 2011.

                                                      */s/ Matthew T. Murchison*
                                                      Matthew T. Murchison