UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MAX MOUSSAZADEH, *et al*, | § |
| | § |
|     Plaintiffs, | § |
| VS. | §   CIVIL ACTION NO. 3:07-CV-574 |
| | § |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al*, | § |
| | § |
|     Defendants. | § |

## ORDER

Plaintiff Max Moussazadeh brought this civil rights suit under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying his requests for kosher meals. On September 20, 2011, the Court granted summary judgment in favor of Defendants (Docket No. 223), prompting an appeal by Plaintiff. On December 21, 2012, the United States Court of Appeals for the Fifth Circuit reversed the grant of summary judgment and remanded the case for further proceedings. (Docket No. 236.) Presently before the Court is Movant David Scott Helfond's motion to intervene. (Docket No. 239.)

## ANALYSIS

Movant Helfond is a Jewish inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division. Since 1985, Helfond has been continuously housed in "Safekeeping" at the Stiles Unit in Beaumont, Texas. Movant seeks to intervene in this case to establish his right to the same accommodations afforded to Plaintiff Moussazadeh. In April 2013, following the second remand of this case from the Fifth Circuit, Moussazadeh was transferred from the Stiles Unit to the Enhanced Jewish Program at the Stringfellow Unit, which

provides Jewish religious programming and kosher meals free of charge. Movant asserts that he is similarly situated to Moussazadeh and, therefore, is also entitled to transfer to the Stringfellow Enhanced Jewish Program.[1] Defendants have opposed Movant's request to intervene, asserting that it is untimely and that Movant does not satisfy the other requirements for intervention.

## I. Legal Standard

Rule 24(a) of the Federal Rules of Civil Procedure states that, on a timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Because Movant does not cite a specific federal statute, to establish a right to intervene in this case he must satisfy the requirements of Rule 24(a)(2) by showing that: (1) his application for intervention is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and, (4) his interest is inadequately represented by the existing parties to the suit. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984) (*en banc*).

---

[1] Movant apparently believes that Plaintiff's transfer resulted directly from the Fifth Circuit's remand of this case for further proceedings, but, the Fifth Circuit did not expressly mandate Moussazadeh's transfer. Defendants have not offered any explanation for Plaintiff's transfer but do state that Plaintiff was previously housed in the Stringfellow Enhanced Jewish Unit before being transferred to the Stiles Unit in 2009, following a major disciplinary conviction. Defendants also state that Plaintiff became eligible for parole review in November 2013, although it is unclear whether this had any bearing on his transfer. (Docket No. 240.)

II. Timeliness

Defendants assert that Movant's request to intervene should be denied is untimely. The relevant factors for deciding whether a petition to intervene is timely are: (1) how long the intervenor has known or reasonably should have known of his interest in the case, (2) any prejudice to the existing parties caused by any delay between the intervenor's knowledge of his interest in the case and his motion to intervene, (3) the prejudice to the intervenor if his motion is denied, and, (4) any unusual circumstances. *Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265) (5th Cir. 1977)).

As noted by Defendants, the present suit has been pending for over eight years, during which time extensive discovery has been completed, dispositive motions have been filed, and the case has twice gone up to the Fifth Circuit and been remanded for further proceedings. During much of the pendency of this case, Plaintiff Moussazadeh was housed in the Stiles Unit with Movant, making it likely that Movant has been aware of this litigation for quite some time.[2] Had Plaintiff been actively seeking Jewish religious accommodations in the Stiles Unit during this time he reasonably should have known about his interest in this case long before he filed his present motion. Movant's only explanation for waiting so long to assert a right to intervene here is that he only recently became aware of the Fifth Circuit's second remand of this case. That explanation is unavailing, however, because Movant has not identified anything in the Fifth Circuit's latest ruling that clarifies Movant's interest in this case. Thus, it appears that Movant

---

[2] Movant does not state how or when he first became aware of this litigation, but he does state that despite his "Safekeeping" classification he has extensive interaction with general population inmates in the Stiles Unit "in the walkways, chow hall, education department, general library, law library, chapel, infirmary and job assignments." (Docket No. 241 at 7.)

simply slept on his right to intervene and now wishes to jump on the bandwagon based on the Fifth Circuit's latest ruling.

The remaining timeliness factors also support the conclusion that Movant's application to intervene is untimely. Defendants assert that if intervention is granted, additional discovery would be necessary to evaluate Movant's claims because Movant's "Safekeeping" classification makes him ineligible for housing in the Stringfellow Unit. (Docket No. 241.) Although Movant denies that he would be at risk in the Stringfellow Unit and asks that his "Safekeeping" classification be rescinded, Movant cannot deny that his situation raises unique issues of fact that are not applicable to Plaintiff Moussazadeh and would, therefore, likely warrant additional discovery. (Docket No. 242.) Given the advanced stage of this litigation, Defendants would clearly be prejudiced by having to reopen discovery at this point to investigate Movant's unique circumstances. On the other hand, it does not appear that Movant will be significantly prejudiced if his motion is denied. In fact, by pursuing his claims in a new case Movant will not only benefit from any relevant discovery already conducted here, but he can also request additional discovery to refute Defendants' housing classification argument. Moreover, Movant's housing classification amounts to an unusual circumstance that undermines his motion to intervene here. In sum, Movant fails to satisfy the first requirement for intervention as of right because his motion is untimely.

### III. Other Factors

Turning to the remaining factors relevant to the Rule 24(a)(2) analysis, it does not appear that Movant is so situated that disposition of this action will impair or impede Movant's ability to

protect his interests in this litigation.[3]  Although Plaintiff undoubtedly has a general interest in the outcome of this litigation, his interest is more than adequately represented by the existing parties to this suit, as demonstrated by the history of this case.  Thus, the Court concludes that Movant has not satisfied the requirements for intervention as of right and that permissive intervention under Rule 24(b) is not warranted.  Fed. R. Civ. P. 24(b).

## ORDER

Accordingly, it is hereby **ORDERED** that Movant Helfond's Motion to Intervene (Docket No. 239) is **DENIED**.

It is **FURTHER ORDERED** that the parties shall submit a report to the Court within thirty (30) days regarding Plaintiff Moussazadeh's current status and the parties' intentions to proceed with this case.

The Clerk of Court will send a copy of this Order to Movant and to the parties.

SIGNED at Houston, Texas, this 6th day of March, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[3] Movant's argument that being forced to file a new case will deprive him of the benefit of the Fifth Circuit's rulings here is mistaken.  Nothing prohibits Plaintiff from asserting the precedential effect, if any, that the Fifth Circuit's rulings here might have on a new case.